■ MARY L. FLEURY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33504.) RALPH C. FLEURY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33505.) RALPH C. FLEURY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33506.) — Appeal by claimants from a dismissal by the Court of Claims of three claims arising out of an automobile accident that happened on a State highway known as Route 10 in Franklin County. One claimant, Ralph C. Fleury, was the owner and operator of the automobile involved in the accident, and the other claimant is his wife, Mary Louise Fleury, who was a passenger in the car at the time. The accident occurred when the car carrying the claimants struck a hole in the highway, ran out of control through a fence and overturned. The court below found the State negligent in the maintenance of the highway at the point of the accident, but it also found each of the claimants guilty of contributory negligence. The evidence in our opinion supports the finding that the State was negligent. The hole in question, some 8½ feet long, 2½ feet wide, and from 2½ to 3 inches in depth, extended at a 45 degree angle across the road and more than half of it on the east lane of the two-lane macadam highway. It had existed for some time, and in fact employees of the State had repaired it several times, once a couple of days before the accident, but there is credible evidence to the effect that it had not been properly repaired; and strong proof to the effect that the repairs made constantly wore off and afforded no reasonably permanent correction of the condition. We are also of the opinion that the court below was justified in finding the owner of the car and its driver, Ralph C. Fleury, contributorily negligent. He was a lifelong resident of the vicinity, and had frequently driven over the highway between the hamlet of Constable, where he lived, and the Village of Malone. On the trial he claimed he had no prior knowledge of the existence of the hole but this was at variance with his testimony given at a Motor Vehicle hearing where he said "I knew just about where it was, but I didn't know the exact spot." He testified that prior to the accident as he approached Lester's Hollow where the hole existed, and approximately a quarter of a mile south thereof, he slowed the speed of his car to 25 miles per hour in response to a warning sign relating to bumps in the highway at that point, and then increased his speed to 40 to 45 miles an hour as he descended into the hollow where the hole was located. He saw the hole when he was 30 or 40 feet therefrom, and attempted to avoid it by going off the shoulder of the road with his right wheels but his left front wheel struck the hole and he lost control of the car. In addition to the hole in question there were many other holes and bumps in the highway over which the car was traveling, according to the claimant driver's own testimony. The accident happened at about 12:30 A.M. on April 3. The Fleurys and another couple had been to a restaurant at Constable, New York, where they stayed for two hours. After

leaving there they proceeded to Malone with the intention of going to another restaurant, then changed their plan and proceeded back on a northerly direction over the same highway towards Constable. On the way back five hitchhikers were picked up, so there were nine people in the car at the time of the accident, six in the back seat and three on the front seat. We think on the basis of the foregoing that the court below properly held the claimant driver was guilty of some negligence that contributed to the accident. His conduct in driving an overloaded car late at night over a narrow rough road on which he knew there was a dangerous hole, although he may not have known the precise location thereof, at a speed of from 40 to 45 miles an hour, can scarcely be labeled as reasonable and prudent conduct under the circumstances. We view the case of the wife somewhat differently. She was a passenger in the car, seated in the middle of the front seat. As a result of the accident she was horribly injured and is now a complete quadriplegic, condemned apparently to a vegetative existence as long as she lives. The medical testimony indicates that her spinal cord was severed for all practical purposes and she became paralyzed from the neck down. The trial court found that since she did not testify she was deemed to have acquiesced in her husband's drinking and conduct in the operation and control of the car. Although possibly her deposition might have been taken it seems rather obvious that she did not testify on the trial because of her physical condition. But in any event her failure to testify did not, *ipso facto*, stamp her as guilty of contributory negligence. So far as sustaining her burden to prove herself free from contributory negligence she was entitled to rely upon the evidence in the case and any legitimate inferences that might be drawn therefrom (*Risley* v. *Michaelson*, 279 App. Div. 819). The question of a car passenger's contributory negligence always presents the difficult problem of what the passenger could have reasonably done to have avoided injury. Countless cases have been submitted to juries under circumstances very similar to those presented in this case and countless verdicts have been rendered for passengers, exonerating them from contributory negligence, and such verdicts have been affirmed in great measure by appellate courts. No higher test should be applied against the unfortunate claimant passenger in this case. The court below found that she acquiesced in her husband's drinking. There is no evidence however that her husband was intoxicated, or that his drinking caused the accident. He drank some beer and one highball over a period of several hours, which does not appear to have been excessive. So far as the operation of the car is concerned consideration must be given to claimant's sex and her position in the car. We think the ordinary person would say that she had a right to rely in a very large degree upon her husband's judgment in driving the car. There is no proof that she possessed his knowledge as to the existence of the hole that caused the accident, and he had actually slowed the speed of the car at a warning sign. While we think he was negligent in increasing his speed thereafter in the light of his knowledge of road conditions, his negligence in that respect was not so flagrant as to require some action on her part. The time element was so short in any event that a protest on her part would in all probability have been futile. So far as overloading the car is concerned it does not appear that this, of and in itself, was a proximate cause of the accident. Judgment reversed insofar as the claimant Mary Louise Fleury is concerned, and judgment for her against the State in the sum of $100,000 is directed. Insofar as the claims of the other claimant Ralph C. Fleury are concerned the judgment of dismissal is affirmed, without costs. Settle findings and order. Foster, P. J.. Bergan, Gibson, Herlihy and Reynolds, JJ., concur.